# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

JACQUELYN A. VANDEHEY on behalf of
herself and all others similarly situated,

                Plaintiff,

            *vs.*                                    Case No. 1:18-cv-00481-WCG

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC. and, JOHN AND
JANE DOES NUMBERS 1 THROUGH 10,

                Defendants.

## FINAL APPROVAL ORDER AND JUDGMENT

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Jacquelyn A. Vandehey, individually and as representative of the class of persons defined below ("Settlement Class"), and Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), the Court orders and finds as follows:

      1.      This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Class Members, and AllianceOne.

      2.      The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons to whom AllianceOne Receivables Management, Inc. mailed an initial written to an address in the State of Wisconsin, between March 27, 2017 and April 17, 2018, which sought to collect a defaulted debt whose balance had been charged-off, and which: (i) listed "Interest" and or "Non-Interest Charges/Fees" as $0.00; (ii) conveyed an "offer" for a reduced amount if paid "within 40 days of receiving [the letter];" and (iii) stated AllianceOne "will notify our client that you have paid your account."

      3.      Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact

predominate over any questions affecting only individual Class members, and included whether or not AllianceOne allegedly violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.§ 1692, *et seq*. by mailing consumers collection letters that: (i) falsely imply the debt may increase due to interest, late charges, and other charges, and (ii) make false representations that the settlement "offer" being made is a one-time-take-it-or-leave-it offer; (C) Plaintiff's claim is typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Stern•Thomasson LLP, are hereby appointed Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to 755 Class Members by Class-Settlement.com, the third-party settlement administrator ("Settlement Administrator"). A total of 68 envelopes were returned by the United States Postal Service, 13 of which were returned with forwarding addresses and successfully re-mailed. None of the Class Members requested exclusion from, or objected to, the Settlement.

5. On May 15, 2019, the Court held a fairness hearing to which Class Members, including any with objections, were invited, but none appeared to voice any objection.

6. The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the Settlement is fair, reasonable, and adequate and hereby finally approves the Parties' Agreement, including the Release and payments by AllianceOne. Upon the Effective Date, as that term is defined in the Agreement, AllianceOne shall:

    (a) Create a class settlement fund of $23,070.00, which Class Counsel through the Settlement Administrator will distribute *pro rata* to each Class Member

whose Class Notice was not returned as undeliverable and who did not him/herself from the Settlement. Class Members will receive their share of the Class Recovery by check, which shall become void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery will be disbursed in the following order: (i) to pay the costs associated with providing notice to Class Members and administering the Class Recovery; and (ii) any remainder donated as a *cy pres* award to Legal Action of Wisconsin.

(b) Pay Plaintiff $1,500.00.

(c) Pay Class Counsel $30,000.00 for their attorneys' fees and costs incurred in the action based on their submitted hourly rates and time expended. Class Counsel shall not request additional fees or costs from AllianceOne or the Class Members.

8. The Parties grant the following releases:

(a) Plaintiff, including each and every one of her agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges AllianceOne, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for AllianceOne) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the date of the Agreement.

(b) Each Class Member who did not exclude themselves from the Settlement hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to AllianceOne's collection letter attached as Exhibit A to Plaintiff's Complaint [Doc. 1].

(c) Plaintiff and each Class Member DO NOT release any defense they may have with respect to the underlying debts AllianceOne was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

(d) AllianceOne does NOT release its claims, if any, against Plaintiff or any Class Member for the payment of their alleged debts. The underlying debts

> AllianceOne sought to collect are unaffected by the Settlement. The Settlement does not prevent AllianceOne from continuing to attempt to collect the debts allegedly owed by Class Members.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this Order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**SIGNED AND ENTERED** this 15th Day of May, 2019.

s/William C. Griesbach<br>
WILLIAM C. GRIESBACH<br>
Chief Judge, United States District Court